Ruffin, Judge.
 

 The Clerk’s certificate on the deed states, that it was proved by
 
 Mr. Perkins;
 
 and tiiat the Same person being appointed by the Court to take Mrs.
 
 Burgess’
 
 privy examination, reported thatshe acknowledged that she executed it, freely and of her own accord. From this it does not appear when
 
 Perkins
 
 proved the deed ; whether before or after he had examined the
 
 feme ;
 
 nor whether she acknowledged the deed at Court 5 nor whether the same was proved in Court as to her, or not. It is indeed to be
 
 prima fade
 
 inferred, that the proof was as to both the husband and the wife, and that it was proved before
 
 Perkins
 
 was delegated to take her privy examination. This certificate of the Clerk is evidence by the act of Assembly. But it is not higher evidence of what the Court did, than the record of the Court itself ; nor so high. The certificate, is made, evidence, because it is presumed the Clerk will be guided, as to the facts stated in it, by the record, and that they will accord. They are often made after Court, and it would be dangerous to consider them as overruling the record, when contradictory
 
 ;
 
 or as not to be construed with it, when reconcilable. Both documents may be read together, legitimately. By reference to the record it is seen, that in fact the acknowledgment of the
 
 feme
 
 was not taken in Court, nor was it proved as to either husband or wife, until after
 
 Perkins
 
 had been appointed to take the privy examination# and had taken and reported it. He
 
 *309
 
 was appointed on Monday, and tiie deed was not proved until Tuesday, and at the same time he made his report.
 

 it is argued, that under the acts of 1715,
 
 (Rev. ch.
 
 &
 
 7.)
 
 taken together, every thing was done, which is required, and that the order of doing it is immaterial. The course of reasoning is, that the validity of the deed of a married woman depends upon her privy examination, and not upon the acknowledgment in Court, by herself or her husband. These last acts are held to relate only to the formal execution, and as testifying the husband’s assent. That bis acknowledgment in Court is sufficient under
 
 ch.
 
 3
 
 •,
 
 and that as by
 
 ch. 7,
 
 proof is maSe tantamount to acknowledgment, as far as formal execution and an order for registration are concerned, the proof by witnesses is all-sufficient to authorize the wife to*be privily examined, out of Court, by any justice of the Peace. I do not think the two statutes are
 
 in pari materia.
 
 They relate to distinct subjects. Being passed at the same session, it cannot be supposed, that the Legislature would adopt contradictory enactments, on one and the same matter. But if these provisions had been contained in the same chapter, each must be construed according to the subject matter. The last act provides generally for the proof and perpetuation of deeds, and enacts that they may be cither* acknowledged or proved. The third chapter relates exclusively to the particular subject of deeds made by husband and wife. The special ceremonies prescribed for these deeds are not dispensed with, because they are not required with regard to other deeds. The conveyance by husband and wife is a peculiar one, and stands by itself. We can therefore resort only to the third chapter for light on this subject. That requires the deed to be
 
 acknowledged in Court.
 
 But it is said, that this may mean, an acknowledgment by the husband alone ; and ought to beso held, because the wife’s acknowledgment in Court is superfluous, since that would be to require her to acknow-
 
 *310
 
 ¡Py¡gP jf twice ; for it is clear, site must be privily.examined by one member of the Court. I think otherwise; ^ and that the inference is irresistible, that the acknow-jed^ment, in Court, must be by all the persons, whose deed it is. By the act, the deed cannot be registered upon proof, but only upon acknowledgment. Surely, it is of much more consequence, that this acknowledgment should be that of the wife, than of the husband ; since it is her freehold that passes, and she it is, who stands in need of the guardian care of a Court of Justice, to see her fairly dealt by. But whatever doubt might be raised on the act of 1715, is removed by that of 1751,
 
 (Rev. c.
 
 50,1 which is
 
 in pari materia.
 
 The second section says, that conveyances sealed, by husband and wife, and
 
 by them personally
 
 acknowledged
 
 in the Court
 
 of the County, the wife being privily examined before some member of the Court, appointed for that purpose, &c. shall be good and valid. Here is a positive injunction, that the deed shall be acknowledged by both, and that in Court. Snperadded thereto is the provision for her privy examination by one magistrate. But this does not supersede the acknowledgment in Court, and vest the power in a single person to take the acknowledgment out of Court. It would be strange, that no such authority is confided as to other deeds, which are to be proved or acknowledged in Court; and yet should be in the instance of deeds by a
 
 feme covert,
 
 which the Legislature intend to surround by especial and cautious safeguards. It has always been understood, that such deeds were to be acknowledged
 
 by the wife,
 
 in open Court. The late Chief Justicp
 
 Taylor
 
 explicitly lays it down so, in
 
 Whitehurst v. Hunter.
 
 (2
 
 Hay.
 
 401.) It is true, that the privy examination is not in open Court; for that would be an absurdity in terms. But it is to be within its verge, as it were; and by a Justice of the Peace — not by virtue of his office — but as “ a member of the Court.” It might he by the whole Court j hut for convenience’ sake, it is
 
 *311
 
 permittted to one. After open confession in Court, she is then to be examined, when in privacy, and with the. * * self-collection, which a timid female, in the presence, of a crowd, and over-awed by the authority of her husband, might not be able to command in public, that she may have an opportunity of retracting her deed, after her interests have been weighed by her, and her rights explained by an intelligent and upright judicial officer. This being done all at once, there is not so much apprehension, tho’ certainly some even here, of malversation in the examining magistrate. The danger of immediate detection would subdue his disposition to aid in the undue machinations of a cruel husband. But the facility for practising abuses on the wife would be great indeed, if the trust of receiving her acknowledgment were reposed in a single Justice of the Peace, as matter
 
 in
 
 pais.
 

 The two methods do not differ then more in form, than in substance. It is true, that the acts authorize a Judge of the Superior Court to take the acknowledgment of the husband and wife, and the privy examination of the latter
 
 •,
 
 and this being to be done by one person, the whole is necessarily one act. ft has been seriously doubted by respectable lawyers, whether the true construction of (he statute does not require this to be done in Court. But the usage to the contrary has been so uniform and long, that it cannot now be questioned. But the law very properly relies more upon the intelligence and integrity of the high judicial officers, selected by the Legislature from the whole profession, than on any single inferior magistrate of a county. But my own practice has always been, to take the acknowledgment of both the husband and wife together, and immediately after to examine her pri-viiy. i never take the acknowledgment of the wife first, nor of the husband, until the deed purports to have been executed by the wife. This I have done upon the idea, that there is a peculiarity in tiieir deed, which rendered. .it necessary. In others, each party acknowledges the
 
 *312
 
 (]cer| as [,¡s own. But as the validity of the wife’s deed depends, not only upon her husband’s executing it as his own, and upon her freely executing if. also, but like-wjse> Upon |,er having so executed it by the husband’s consent, it has occurred to me, that they are to acknowledge it as
 
 their
 
 deed, and not simply as his or her deed. Be filis as it may, it is clear, that it ought to be fully executed, before it is acknowledged or proved, as to either. For by the third and fourth sections of the act of 1751, provision is made for the case of a woman who cannot personally travel to Court, when, upon proof of its execution in Court, or on the acknowledgment of the husband, a commission is to issue to take her acknowledgment. This recites,
 
 that“
 
 whereas F. G. hath
 
 produced
 
 a deed,
 
 made
 
 to him by H. I.
 
 and IC his wife,
 
 and procured the same to be proved (or acknowledged by the said H. I.) in the Court, &c.” Now unless the wife had before executed it, the deed could not be produced, nor be said to be made by them- — much Jess proved.
 

 In the case before us, no deed was brought into Court, nntil the day after the Court took the first order on it; and by possibility it may have been executed by the wife, without the privity of the husband. The provisions of these two sections likewise prove, the necessity of an acknowledgment in Court, except when a commission issues. For under the second section, the magistrate, after her acknowledgment, is to examine her, “ whether she doth voluntarily assent thereto.” But when the commission issues, it is
 
 “for receiving the acknowledgment of the wife,”
 
 which had not been previously given. This change of phraseology evinces a difference in office. The commission also is to be directed to
 
 two or more,
 
 and is to issue only when the wife cannot
 
 travel
 
 to the Court. This shows, that the power of taking the acknowledgment of the deed, was a greater one than the Legislature Was willing to confer upon a single subordinate magistrate. And further, that the acknowledgment in Court is to be dispensed with, not for any trivial inconvenience,
 
 *313
 
 but only for necessity — when the wife is kept away by age, sickness, or residence ¿abroad.
 

 Tiie provisions of the statutes seem therefore plain and precise. The deed is to be acknowledged by both of the parties in Court, except in the single case of a commission issuing, as provided in the latter clauses of the act of 1751. There seems to be no reason for relaxing the provisions of the statute by a liberal construction. The scrupulous regard with which the Courts of Westminster search into the motives of a married woman, for suffering a recovery, or acknowledging a fine, is worthy of all praise and imitation. We but follow their example, in holding to the letter of our law. ft is true, the acts were passed to facilitate alienations by married wo- . men, but not to encourage them, and especially not to furnish temptations nor opportunities to the husband, to extort from the wife a conveyance, which he might do, if a public, as well as a private exhibition of the instrument were not required. The presumption of the law, that the will of the wife is subdued to that of the husband, is, so far as regards the disposition of her estate at least, but too fully verified by our experience. Every ceremony, however formal, which lias the least tendency to interpose the protection of the law, or the advice of an additional judicial character, ought to be adhered to, substantially and literally.
 

 Per Curt&m. Judgment affirmed.